

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAIRA F. GHIAS, and ABDUL AZEEM,<br><br>                              Plaintiffs,<br><br>v.<br><br>MARCO RUBIO, et al.,<br><br>                              Defendants. | Case No.:  3:25-cv-3733-CAB-DDL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Doc. No. 3]** |

On December 23, 2025, Plaintiffs Humaira Ghias and Abdul Azeem filed this lawsuit for violation of the Administrative Procedure Act and petition for writ of mandamus against Defendants Marco Rubio, in his capacity as U.S. Secretary of State, John Armstrong, in his capacity as Assistant Secretary of State for Consular Affairs, and Natalie Baker, in her capacity as Deputy Chief of Mission of the U.S. Embassy in Islamabad, Pakistan.  [Doc. No. 1.]  Plaintiffs seek to compel adjudication of Abdul Azeem's immigrant visa application.

Before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  [Doc. No. 3.]  The Court finds this case suitable for determination on the papers and without oral argument.  *See* S.D. Cal. CivLR 7.1(d)(1).  For the reasons explained further below, Defendants' motion to dismiss is **GRANTED**.

## I.　BACKGROUND

Plaintiff Humaira Ghias ("Ghias") is a U.S. citizen who filed a Form I-130, or Petition for Alien Relative, for her sibling Azra Azeem, a Pakistani citizen and resident and the wife of Plaintiff Abdul Azeem ("Azeem"). [Doc. No. 1 at 2.] Azeem, also a Pakistani citizen and resident, is a derivative beneficiary of the I-130 Petition. [*Id.* at 3.]

On November 30, 2009, United States Citizenship and Immigration Services ("USCIS") approved Plaintiffs' Form I-130. [Doc. No. 3 at 4.] On February 22, 2022, Azeem submitted his Form DS-260, Immigration Visa and Alien Registration Application. [Doc. No. 1 at 3.] On October 23, 2024, Azeem, his wife, and children interviewed with a consular officer at the U.S. Embassy in Islamabad. [Doc. No. 1 at 4.] Azeem's wife and children were granted immigrant visas to travel to the Untied States, but the consular officer refused Azeem's application pursuant to § 221(g) of the Immigration and Nationality Act and placed it into administrative processing. [*Id.*; Doc. No. 3 at 4–5.] Azeem's application remains pending without any action since then.

## II.　LEGAL STANDARDS

### a.　Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). Plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). As such, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). A facial attack to the Court's jurisdiction pursuant to Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a

legal matter to invoke the [C]ourt's jurisdiction[,]" the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor . . . [.]" *Id.*

### b. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted[.]" The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III.   DISCUSSION

Plaintiffs argue that Defendants have a duty to adjudicate Azeem's immigrant visa application pursuant to 5 U.S.C. § 555(b). [*See* Doc. No. 1 at 2.] They seek to compel

adjudication of his application through both the Administrative Procedure Act ("APA") and the Mandamus Act.

Section 555(b) of the APA "does not contain an independent cause of action, but instead creates a duty that some courts have held can be enforced through 5 U.S.C. § 706(1)." *Mosayebian v. Blinken,* No. 24-CV-130 JLS (MMP), 2024 WL 3558378, at *4 (S.D. Cal. July 25, 2024). Moreover, a claim seeking relief under the Mandamus Act is essentially the same "as one for relief under § 706 of the APA." *Indep. Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). And "[w]hen a complaint seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze [the] APA claim only." *Akbar v. Blinken*, No. 23CV1054-LL-BLM, 2023 WL 8722119, at *3 (S.D. Cal. Dec. 18, 2023); *see also Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). The Court thus analyzes Plaintiffs' APA claim only.

### a. Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claim. The Court disagrees. Where the government "has not yet made a final reconsideration decision and the petition remains in administrative processing, subject matter jurisdiction is present." *Jazi v. Rubio*, Case No. 3:25-cv-27-BEN, 2025 WL 1222499, at *1 (S.D. Cal. Apr. 25, 2025); *see also Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry,* 168 F. Supp. 3d 268, 287 (D.D.C. 2016) ("'[A]dministrative processing' precedes—and does not equate to—a final determination[.]"). Defendants state in their motion that the "consular officer initiated additional discretionary *administrative processes*[.]" [Doc. No. 3 at 2 (emphasis added).] Accordingly, the Court finds it has subject matter jurisdiction.

### b. APA Claim

"[A] court may compel agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty,' and (2) has unreasonably delayed in performing such duty . . . [.]" *Vaz*, 33 F.4th at 1136 (citation omitted). Some courts have found that in the context of visa applications, the only mandatory duty is the initial consular visa decision;

any reconsideration (i.e. additional administrative processing after an initial refusal) is discretionary. *See Jazi*, 2025 WL 1222499, at \*2 (citing *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at \*3–4 (D.C. Cir. July 24, 2024)).

Even if the Court assumes that Defendants have a duty to further adjudicate Azeem's application, however, Plaintiffs fail to show that Defendants have unreasonably delayed fulfilling that duty. *See Lee v. Blinken*, No. 23-CV-1783 (DLF), 2024 WL 639635, at \*4 (D.D.C. Feb. 15, 2024) ("The Court will assume without deciding that the plaintiffs allege the defendants are subject to a discrete, required duty because, in any event, they have not suffered an unreasonable delay . . . [.]" (footnote omitted)). "To determine whether an agency's delay is unreasonable under the APA, [the Ninth Circuit] use[s] the *TRAC* factors—the six-factor balancing test announced in *Telecommunications Rsrv. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ('*TRAC*')". *Vaz*, 33 F.4th at 1137. The factors are as follows:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*TRAC*, 750 F.2d at 80 (citations omitted).

### 1. *TRAC* Factors One and Two

"The first two factors are often considered together" and the first is "often considered 'the most important[.]'" *Lee*, 2024 WL 639635, at \*5 (quoting *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)). Congress has given "significant discretion . . . to the federal agencies tasked with processing immigration applicants and vetting them to protect

the national security." *Pourshakouri v. Pompeo*, No. 20-CV-402 (RJL), 2021 WL 3552199, at *9 n.11 (D.D.C. Aug. 11, 2021). In this specific context of a request for adjudication following a refusal, Courts have held that "[n]o statutory or regulatory timeline exists within which the State Department or a consular office must re-adjudicate visa applications." *Barazandeh v. U.S. Dep't of State*, No. CV 23-1581 (BAH), 2024 WL 341166, at *8 (D.D.C. Jan. 30, 2024).

With no "congressionally supplied yardstick," the Court looks to caselaw as a guideline for whether the eighteen-month delay here[1] is unreasonable. *Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). "Even though courts have drawn no bright lines to determine reasonableness, district courts have generally found that immigration delays of two to three years are reasonable." *Barazandeh*, 2024 WL 341166, at *8. Indeed, "many courts evaluating similar delays have declined to find a two-year period to be unreasonable as a matter of law." *Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-00397 (ABJ), 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020).

The Court finds that factors one and two weigh for Defendants due to the significant deference provided to the State Department in administering immigration visa applications and because an eighteen-month delay is not unreasonable according to extensive caselaw. The Court is especially hesitant to find otherwise "[g]iven the complex and sensitive nature of visa determinations" which "fall outside of [the Court's] typical expertise." *Mosayebian*, 2024 WL 3558378, at *8.

### 2. *TRAC* Factors Three and Five

Courts frequently examine *TRAC* factors three and five, which consider potential harm and prejudice to plaintiffs, together as well. *See Ordian v. Blinken*, No. CV 23-2993 (TSC), 2024 WL 3251226, at *6–7 (D.D.C. July 1, 2024). Plaintiffs allege that the delay

---

[1] Azeem's interview where his application was refused for further administrative processing occurred on October 23, 2024. [Doc. No. 1 at 4.]

in adjudication is causing significant stress and anxiety for Plaintiffs and their families because Azeem is not with his wife and children.  The Court recognizes that prolonged volatility and uncertainty in one's family situation can take an immense toll.  Accordingly, the Court finds factors three and five to weigh in favor of Plaintiffs.

### 3. *TRAC* Factor Four

The fourth factor is considered among the most important.  *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020).  The Court is persuaded that "[o]ne need not unearth the details of the visa-adjudication process . . . to surmise that the relief Plaintiffs seek would reorder [Department] priorities."  *Rashidi v. United States Dep't of State*, No. CV-23-1569-JEB, 2023 WL 6460030, at *6 (D.D.C. Oct. 4, 2023).  Further, "[p]rocessing capacity is presently a zero-sum game [and] granting plaintiffs' request to expedite would necessarily mean additional delays for other applicants—many of whom undoubtedly face hardships of their own."  *Ordian*, 2024 WL 3251226, at *7 (quoting *Murway v. Blinken*, No. 21-cv-1618, 2022 WL 493082, at *4 (D.D.C. Feb. 16, 2022)).  As such, the Court finds that factor four weighs for Defendants.

### 4. *TRAC* Factor Six

Plaintiffs do not allege bad faith.  [Doc. No. 4 at 9.]  Nonetheless, factor six is neutral as "the absence of impropriety does not weigh against Plaintiffs."  *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1257 (S.D. Cal. 2024).

In sum, with the most important factors—one and four—favoring Defendants, and given the extensive caselaw that has reached the same outcome for similar and longer delays, the Court finds the *TRAC* balancing test to weigh in favor of Defendants.[2]  The Court declines to order Defendants to rearrange their processing priorities, as Congress has provided them with significant discretion.  The Court accordingly finds that Plaintiffs have

---

[2] The Court also notes that Plaintiffs do not provide a single case where a court found a similar delay to be unreasonable.

3:25-cv-3733-CAB-DDL

failed to state a claim for unreasonable delay under the APA and **GRANTS** Defendants' motion to dismiss.

### IV.    CONCLUSION

For the above-stated reasons, Plaintiffs' action against Defendants is **DISMISSED** without leave to amend as no amendments to the complaint would change the Court's conclusion.  *See Mosayebian*, 2024 WL 3558378, at *12.  This dismissal, however, is **WITHOUT PREJUDICE** to refiling should later circumstances demonstrate an unreasonable delay.  *Id.*

It is **SO ORDERED**.

Dated:  May 11, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-3733-CAB-DDL